# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  | |
|---|---|---|---|
| TONY DEERE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Case No. 17−cv−1061−MJR | |
| | ) | | |
| KIM BUTLER, | ) | | |
| CHRISTOPHER LINDSEY, | ) | | |
| SEAN SMOLAK, | ) | | |
| JOHN DOE and | ) | | |
| JANE DOE | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Tony Deere, an inmate in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly occurred at Menard Correctional Center. Plaintiff seeks declarative relief, injunctive relief, compensatory damages, punitive damages, and costs. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

On September 22, 2015, Plaintiff told Lindsey that his cellmate, Vincent Hudson, was showing signs of a serious mental illness. (Doc. 1, p. 4). Specifically, Plaintiff told Lindsey that Hudson had threatened to beat him to death if he did not hand over 2 ramen noodles and a bag of pork rinds. *Id.* Plaintiff was housed in cell 312 in the East cell house. *Id.* Lindsey told Plaintiff that he was aware of Hudson's behavior because Hudson had made the same threat against his prior cellmate. *Id.* Lindsey further told Plaintiff that he would see what he could do. *Id.*

Plaintiff asked Lindsey about the cell change the following day, September 23, and repeated his concerns about Hudson. *Id.* Lindsey told Plaintiff he'd talk to Lt. Smolak. *Id.* From September 22, 2015 until October 13, 2015, Plaintiff continued to follow up with Lindsey, and reported Hudson's escalating behavior, like punching the wall and threatening to kill

2

Plaintiff for flushing the toilet. (Doc. 1, pp. 4-5). After the toilet incident, Hudson would not let Plaintiff use the toilet for an entire day, and made him urinate in a plastic bag. (Doc. 1, p. 5). When Plaintiff reported this to Lindsey, he said "fuck or fight." (Doc. 1, p. 6).

On October 5, 2015, Plaintiff saw Smolak and reported his concerns about his cellmate. *Id.* He told Smolak about the toilet incident. *Id.* Smolak replied that Lindsey had made him aware of Plaintiff's concerns, but that he didn't find Plaintiff credible. *Id.* Smolak told Plaintiff he would not be changing Plaintiff's cell. (Doc. 1, pp. 6-7). Smolak told Plaintiff to either find a way to get along "or get it on," meaning fight. (Doc. 1, p. 7). Plaintiff filed a grievance against Lindsey and Smolak that same day. *Id.*

Hudson demanded that Plaintiff give him 2 ramen noodles on October 12, 2015. (Doc. 1, p. 8). Plaintiff refused, and Hudson became angry and threatened to kill Plaintiff. *Id.* Plaintiff went to sleep to avoid a confrontation. *Id.* Hudson attacked Plaintiff around 8:00 am the next morning on October 13. (Doc. 1, p. 9). He punched Plaintiff in the left eye, wrestled him to the ground, and tried to strangle him. *Id.* Plaintiff responded by gouging out Hudson's eyes. *Id.*

After being taken to health care, Plaintiff was immediately transferred to Pontiac. (Doc. 1, pp. 9-10). He spent 615 days in segregation there. (Doc. 1, p. 10). Plaintiff was charged with an aggravated felony as a result of the incident. *Id.*

Plaintiff alleges that John and Jane Doe mental health professionals violated Plaintiff's rights under the Eighth Amendment by failing to provide Hudson with the proper mental health treatment that he required and by failing to protect Plaintiff from Hudson's attack. (Doc. 1, p. 14). Plaintiff alleges that John and Jane Doe knew that Hudson was refusing his medication *Id.*

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1** – Butler, Lindsey, and Smolak failed to protect Plaintiff from his cellmate in violation of the Eighth Amendment.

Plaintiff has also attempted to bring another Count, but for the reasons elucidated below, this claim does not survive threshold review.

> **Count 2** – Jane and John Doe failed to protect Plaintiff from his cellmate in violation of the Eighth Amendment when they failed to adequately monitor Hudson's mental health.

As to Plaintiff's **Count 1**, in *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that the individual who attacked Plaintiff would do so, yet fail to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not

enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Plaintiff alleges that he continually spoke to Lindsey about Hudson's threats. While Lindsey was initially helpful, Plaintiff alleges that when he reported the escalating nature of the threats to Lindsey, Lindsey dismissed Plaintiff's claims and told him he would have to fight. This raises an inference that Lindsey was deliberately indifferent to Plaintiff's predicament. Likewise Plaintiff has alleged that Smolak was both aware of Plaintiff's claims that Hudson repeatedly threatened him with violence, and specifically told Plaintiff that he would take no action. That is sufficient to state a failure to protect claim against Smolak. But **Count 1** must be dismissed against Butler.

Plaintiff did not include Butler in his statement of claim, other than to say that Butler is "legally responsible for the operation of Menard C.C. and the welfare of all prisoners in that prison." This is a respondeat superior theory of liability. Plaintiff is essentially arguing that Butler must be responsible for events that occurred because she was in charge. Plaintiff's claim fails because there is no respondeat superior liability under § 1983. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Butler cannot be held legally responsible for the actions of her staff.

Plaintiff has also not alleged that Butler was personally involved in the failure to protect him. Plaintiff has not alleged that Butler knew about his concerns regarding Hudson. He has not alleged that he asked her for help, either in person or in writing. While Plaintiff did file a grievance prior to the altercation, Plaintiff did not allege that he filed it as an emergency, and the grievance submitted to the Court is not marked as an emergency. There is therefore no indication that Butler saw any of Plaintiff's grievances prior to the alleged attack. If she was not aware of the events, she could not have been deliberately indifferent. Butler will be dismissed for lack of personal involvement.

Plaintiff's claims in **Count 2** against John and Jane Doe must also be dismissed. Plaintiff alleges that Hudson's mental health treatment providers failed to adequately treat Hudson's mental health condition, despite being aware of his condition and that Hudson was refusing medication. But knowledge of Hudson's mental health condition is not specific enough to put John and Jane Doe on notice about the risk to Plaintiff. Plaintiff has not alleged that John and/or Jane Doe had knowledge about the threats Hudson was making to Plaintiff. He has also not alleged that they knew the general risk that Hudson posed, i.e. that they knew that Hudson had a history of threatening and attacking his cellmates. It is not enough for Plaintiff to allege that the Does knew Plaintiff had a mental condition; that description applies to many IDOC inmates. Plaintiff must allege that they were at least aware of the threat he faced generally. *See Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005) (finding plaintiff had adequately pleaded claim against mental health care provider where plaintiff alleged that doctor knew of assailant's propensity for violence and history of attacking others). Plaintiff's allegations are too vague and his claims against John and Jane Doe will be dismissed without prejudice at this time. Plaintiff may file an amended complaint re-raising this claim with additional factual development, if he so chooses.

6

## Request for Preliminary Relief

As a final matter, Plaintiff has requested "a preliminary and permanent" injunction in this matter. (Doc. 1, p. 16). In some circumstances, the Court would consider whether to direct the Clerk to docket a motion for a preliminary injunction. However, Plaintiff's requests for injunctive relief are moot because he has transferred prisons and because he seeks injunctive relief on behalf of persons not party to this action.

First, Plaintiff indicates that the events at issue occurred at Menard Correctional Center; he currently resides at Pontiac. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Menard under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

Second, Plaintiff requests that the Court order Defendants "to stop forcing inmates to live in unsafe conditions" and "provide adequate mental health treatment." *Id.* Plaintiff requests this relief broadly and on behalf of all inmates in those situations, but Plaintiff has only brought suit on behalf of himself, and therefore there are no grounds to extend relief to others. Plaintiff has also not alleged that he personally would suffer irreparable harm without an injunction. *Judge v. Quinn,* 612 F.3d 537, 546 (7th Cir. 2010) (To secure a preliminary injunction, a movant must show (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without the injunction, (3) the harm he would suffer is greater than the harm that the preliminary injunction would inflict on the defendants, and (4) the injunction is in the public interest.).

Without such an allegation, Plaintiff cannot make the requisite showing for a preliminary injunction. For all of the above reasons, the Court finds that Plaintiff's request for a preliminary injunction is **MOOT**.

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives against Lindsey and Smolak. **Count 2** is **DISMISSED without prejudice**. Defendants Butler, John Doe, and Jane Doe are **DISMISSED without prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Lindsey and Smolak: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 30, 2017**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**